## WHELCHEL *v.* GREEN.

Where one who has executed a deed to a third person, conveying to such third person a tract of land as security for the payment of a debt, afterwards points out the property so conveyed, to be levied upon under an execution in favor of another person who has recovered a judgment against

him, and, after a sale of such land, receives from the sheriff and appropriates to his own use the money paid by a purchaser under such sale in excess of the sum required to satisfy the execution so levied, he can not thereafter, by paying off the debt to secure which the deed was given, reinvest himself with a title which would defeat the right acquired by such purchaser under such sale. Having assented to the sale of the land as his own, and taken the proceeds to his benefit, he will be held to have waived his right to have such property sold in strict conformity with the manner pointed out by law, and is estopped to deny that his equity of redemption passed to the purchaser; and if he afterwards discharged the equity of the creditor claiming under the outstanding security-deed, such discharge of the encumbrance would enure to the benefit of the purchaser who had been thus fraudulently induced to expend his money upon the faith of the apparent and professed ownership of the defendant in execution.

Argued June 30, — Decided July 28, 1897.

Equitable petition. Before Judge Kimsey. Hall superior court. July term, 1896.

*Perry & Craig*, for plaintiff in error.

*H. H. Dean*, contra.

ATKINSON, J. Under an execution against Whelchel for $200.00 principal, besides interest and costs, a tract of land consisting of 250 acres was levied upon as his property and sold at sheriff's sale to Green for $350.00, and a deed made to Green by the sheriff. At the time of the sale, the legal title to the land was in another to whom Whelchel, by a deed which was of record, had conveyed it as security for a debt, taking a bond for titles back, under Code of 1882, section 1969. Subsequently, upon the payment of this debt, a reconveyance was made to Whelchel by the holder of the security-deed. Green brought his equitable petition against Whelchel to have his (Green's) deed to the land set up and established as a valid conveyance, and his possession declared legal and exclusive, and to restrain Whelchel from alienating or interfering with the land; the petition alleging that there was no such actual possession of the property as would put an innocent purchaser on notice of his (plaintiff's) possession, the land being entirely woodland, and that Whelchel was claiming that his (plaintiff's) title was void by reason of the fact that the title was out of plaintiff at the time of the sheriff's sale. Plaintiff alleged that he had no knowledge of the outstanding title at the time of the sale,

and that defendant is estopped from setting up any claim to the land, because the defendant had pointed out the property to the sheriff to be levied upon under the execution, and was present at the sheriff's sale, and received the proceeds of the sale. The defendant, in his answer, denied that he was present at the sale or was responsible in any way for the plaintiff's purchase, and claimed that the seizure and sale by the sheriff was illegal and void, and that the land did not bring its true value; admitting, however, that he did point out the land, upon the sheriff requesting him so to do, stating that he (the sheriff) would have to levy.

It appeared from the evidence, that at the time the levy was made the defendant was the owner of a tract of land of which the 250 acres in dispute was a part, and that at the request of the sheriff he went to the sheriff's office to give a description of a portion of his land to be levied upon, and gave him a description of the 250 acres in question. He had read the advertisement of the sale, and was in town, near the place of the sale, while it was in progress, and made no effort to prevent it. His brother-in-law, Aaron Pass, one of the defendants in the execution under which the land was sold, was present at the sale; and according to the testimony of one of the witnesses, the defendant, on being asked, during the progress of the sale, why he was not there, said, "Aaron" was there. The plaintiff testified that Aaron Pass bid on the property. This was contradicted. On the next day after the sheriff's sale, the sheriff paid over to the defendant $111.35, the balance of the proceeds of the sale after paying the amount of the fi. fa., and the defendant receipted for it as such. The plaintiff testified that after the sale, and on the afternoon of the same day, when he paid the purchase-money to the sheriff, the defendant was present. The defendant denied this. Defendant testified that the land was worth $750.00, or $3.00 per acre.

The jury found for the plaintiff the land in dispute, and that defendant be enjoined from interfering with the property. The defendant made a motion for a new trial, which was overruled, and he excepted. The grounds of the motion were,

that the verdict was contrary to law and the evidence, and that the court erred in charging as follows: "It does not make any difference whether the property brought every dollar it was worth or not, in determining whether there was ever any sale or not; but you would not take leave of your senses; you know that property at judicial sales will not bring all of its worth; and if the defendant in this case is guilty of the acts I have mentioned to you, he would have no right to do that. The right of the purchaser would be to all the property, whether the property was worth $250.00 or $700.00. If you believe that after the sale, with full knowledge that it was a part of the sale, he accepted a portion of the purchase-money, I charge you that he would be estopped from denying that title had passed to the purchaser."

This is one case in which no verdict other than the one rendered was legally possible. If there was ever a case in which the doctrine of estoppel should apply, we have it before us. Whelchel, the defendant, had parted with his title to the premises in dispute, by executing a deed in favor of one of his creditors to secure a debt due by him to such creditor. Afterwards another judgment creditor of Whelchel levied upon the land. It was pointed out by Whelchel to be levied upon, and at the sale, Green, the plaintiff, became the purchaser, the land being sold as the property of Whelchel. The purchaser paid his bid, and with the money realized from that sale the sheriff extinguished the execution under which the land was sold, and paid the residue of the money realized from the purchaser's bid to Whelchel, who received it, knowing the source whence it came. Afterwards Whelchel paid off the debt to secure which the deed was executed by him in favor of his creditor, and then undertook to set up the title with which he was thus reinvested as against the title acquired by Green at the sheriff's sale. This statement of the case argues it. To permit him to assert a title thus acquired would be a gross fraud upon the purchaser at the sheriff's sale. He is estopped. *Judgment affirmed. All the Justices concurring.*